```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

-------------------------------- x
V.B. and R.B., individually and  :
as next friends of S.B.,         :
                                 :
          Plaintiffs,            :     Civil No. 3:22-cv-174(AWT)
                                 :
            v.                   :
                                 :
MONROE BOARD OF EDUCATION,       :
                                 :
          Defendant.             :
-------------------------------- x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 12), which seeks dismissal of Count Two only, is granted because the Complaint fails to state a claim under Section 504 of the Rehabilitation Act.

The Complaint has two counts. Count One seeks reversal of the final decision and order of a Special Education hearing officer for the Connecticut Department of Education. Count Two is a claim for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq. The Complaint states that "[t]he Board intentionally discriminated against SB and was deliberately indifferent to a strong likelihood that SB's federal rights would be violated, because, although it was clearly contrary to law: . . . [t]he Board deliberately delayed evaluating SB in all areas of suspected disability; and . . .

1

[t]he Board deliberately failed to provide services that it knew SB required to be educated." Compl. ¶ 30, ECF No. 20.

The court finds the Complaint unclear as to whether the pro se plaintiffs are bringing claims on behalf of themselves, and in addition claims on behalf of S.B. In the court's view, the Complaint could be read either way.

The defendant makes three arguments as to why Count Two should be dismissed. First, the defendant argues that "V.B. is not authorized to represent S.B. or R.B. in asserting a claim under Section 504 of the Rehabilitation Act." Def.'s Mot. Dismiss, at 1, ECF No. 19. This is correct. Only V.B. has signed the Complaint.[1] To the extent V.B. is seeking to bring a claim for either S.B. or R.B. in Count Two, she is not authorized to do so. See Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (quoting Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002))); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.").

---

[1] Unless R.B. himself signs an amended complaint, he will not be a party in this case.

Second, the defendant argues that "[t]he plaintiffs lack standing to pursue their Section 504 claim." Defs.' Mot. Dismiss at 1. The defendant cites to Hooker v. Dallas Indep. Sch. Dist., No. 3:09-CV-0676-GBH, 2010 WL 4025776, at * 6 (N.D. Tex. 2010). However, the defendant does not address the fact that:

> Since *Winkelman,* federal courts have disagreed over whether the Supreme Court's decision to confer independent parental standing under the IDEA extends equally to claims brought by parents on their own behalf under Section 504 and the ADA. Courts limiting *Winkelman* to the IDEA have relied primarily on the fact that the decision was "too closely tied to the text and structure of the IDEA to apply equally to the ADA and the Rehabilitation Act." *Hooker v. Dallas Indep. Sch. Dist.,* No. 3:09-CV-0676-G-BH, 2010 WL 4025776, at *6 (N.D.Tex. Sept. 13, 2010), *adopted,* 2010 WL 4024896 (N.D.Tex. Oct. 13, 2010). *See also M.W. ex rel. Williams v. Avilla R-XIII Sch. Dist.,* No. 09-05098-CV-SW-JTM, 2011 WL 3354933, at *2 (W.D.Mo. Aug. 3, 2011) (quoting *Hooker*); *D.A. v. Pleasantville Sch. Dist.,* No. 07-4341 (RBK/JS), 2009 WL 972605, at *8 (D.N.J. Apr. 6, 2009) (using same language).
>
> The majority of courts to confront this issue, however, have held that the *Winkelman* rule *does* apply with equal force to claims brought by parents on their own behalf under Section 504 and the ADA. In so holding, some courts have relied on the parallel statutory rights in both the IDEA and Section 504 of "*any* person aggrieved," to seek appropriate relief in federal court. 29 U.S.C. § 794a(a)(2) (emphasis added); 20 U.S.C § 1415(i)(2)(A) ("[A]ny party aggrieved"). *See, e.g., C.J.G. v. Scranton School Dist.,* No. 3:07-CV-1314, 2007 WL 4269816, at *5-6 (M.D.Pa. Dec. 3, 2007). Other courts have highlighted *Winkelman's* emphasis on the "importance of parents in the educational role of their children," a general interest untethered to the IDEA alone, to support the extension of *Winkelman* to Section 504 and the ADA. *K.F. v. Francis Howell R-III Sch. Dist.,* No. 4:07CV01691 ERW, 2008 WL 723751, at *7 (E.D.Mo. Mar. 17, 2008) (holding that *Winkelman* extends to Section 504 and the ADA).

> I find most compelling the latter decisions acknowledging that *Winkelman,* despite its concededly heavy focus on the text and structure of the IDEA, recognized the far broader principle that "'a parent of a child with a disability has a particular and personal interest' in preventing discrimination against the child." *Blanchard v. Morton Sch. Dist.,* 509 F.3d 934, 938 (9th Cir.2007) (quoting *Winkelman,* 550 U.S. at 529, 127 S.Ct. 1994); *B.D.S. v. Southold Union Free Sch. Dist.,* Nos. CV-08-1319(SJF)(WDW), CV-08-1864 (SJF)(WDW), 2009 WL 1875942, at *15 (E.D.N.Y. June 24, 2009) (Feuerstein, J.) (citing *Blanchard*). This extension requires no real stretch: The *Winkelman* Court itself stressed that parental standing was not only "consistent with the purpose of IDEA," but *also,* "fully in accord with our social and legal traditions." *Winkelman,* 550 U.S. at 535, 127 S.Ct. 1994. "It is beyond dispute," the Court concluded, "that the relationship between a parent and a child is sufficient to support a legally cognizable interest in the education of one's child." *Id.*

<u>A.M. ex rel. J.M. v. NYC Dep't of Educ.</u>, 840 F. Supp. 2d 660, 674-75 (E.D.N.Y. 2012), <u>aff'd sub nom.</u> <u>Moody ex rel. J.M. v. NYC Dep't of Educ.</u>, 513 F. App'x 95 (2d Cir. 2013).

The <u>pro se</u> plaintiffs appear to be unaware of this split of authority, so it has not been addressed in the briefing. Thus, the court will not dismiss Count Two on this basis, because it is unclear whose claims the plaintiffs are seeking to assert in Count Two.

Third, the defendant argues that "[t]he plaintiffs have failed to state a claim under Section 504 absent factual allegations to support a plausible claim that the Board acted in bad faith or exercised gross misjudgment." Def.'s Mot. Dismiss, at 1. The court agrees.

"Courts in this Circuit have recognized that a Section 504 claim may be predicated on the claim that a disabled student was denied access to a free appropriate education, as compared to the free appropriate education non-disabled students receive. Such a claim, however, requires proof of bad faith or gross misjudgment." C.L. v. Scarsdale Union Free Sch. Dist., 744 F.3d 826, 841 (2d Cir. 2014) (internal citations and quotations omitted). The conclusory allegations in paragraph 30 of the Complaint do not satisfy the requirement that the plaintiffs allege facts that could support a conclusion that the defendant acted in bad faith or exercised gross misjudgment. See Hamilton v. Westchester Cnty., 3 F.4th 86, 90-91 (2d Cir. 2021) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." (internal citations and quotations omitted)).

It is so ordered.

Signed this 14th day of July 2022, at Hartford, Connecticut.

                                              /s/ AWT
                                   Alvin W. Thompson
                            United States District Judge