UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V.B. and R.B., individually and as next Friends of S.B., | : | CIV. NO. 3:22-CV-00174 (AWT) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MONROE BOARD OF EDUCATION, | : | |
|     Defendant. | : | September 22, 2023 |
| | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

Pursuant to Rule 20 U.S.C. § 1415(i)(2)(B), the plaintiffs V.B. and R.B. ("plaintiffs"), hereby move this Court to supplement the record in this appeal of an administrative decision rendered pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§1401, *et seq*. ("IDEA"). Because the hearing officer excluded certain evidence that is relevant to the issues decided and to this appeal, certain exhibits offered by parents and excluded by the hearing officer should be included in the administrative record to aid the decision on appeal by this Court.

**RELEVANT FACTS**

Hearing Officer Susan Dixon, appointed by the Connecticut Department of Education, conducted an administrative hearing in 2021 to determine whether the Monroe Board of Education ("Board") had denied SB the free appropriate public education to which he is entitled pursuant to the IDEA. One of the issues to be decided during the hearing was whether "the

Board conduct[ed] appropriate evaluations of the Student within a reasonable time frame in the areas of Speech/Language/Social, Auditory Processing, and Academic Achievement?" (Decision, Case No. 21-0208 at p. 1 #4, Braxton Declaration dated September 22, 2023 ("Braxton Dec.") Ex. A)  Timely evaluations are important in determining a student's needs and therefore appropriate educational supports that should be included in an individualized education plan ("IEP"). The hearing officer erroneously concluded that the evaluations were timely in large part because she excluded relevant evidence directly concerning this question.

As detailed in the Complaint in this matter, after giving consent for the Board to conduct evaluations, these Plaintiffs asked for independent educational evaluations ("IEEs") in November 2018 and February 2019, pursuant to IDEA, as the evaluations they had consented to in 2017 had not been performed.  The IDEA provision governing IEEs stipulates that, after receiving such a request, a Board must either arrange for and pay for the IEEs or file a due process complaint to defend its evaluations – or in this case, failure to evaluate.  34 CFR 300.502(b). When the Board took neither of these actions, the Plaintiffs filed a due process complaint. The Board subsequently agreed to provide the IEEs in a letter dated April 17, 2019 (Ex. B7), and the Plaintiffs' due process complaint was dismissed in reliance on the Board's representation that the IEEs would be provided.  (Decision, Case No. 19-0292, Braxton Dec. Ex. B) Complaint ¶¶8-9.

The Board further delayed the evaluations after agreeing to provide them. Complaint ¶ 10. The Plaintiffs then filed state complaints with the Connecticut Department of Education to try to obtain the promised evaluations.  The state complaint process involves simply submitting documents, and does not involve witness testimony.  State complaint decisions explicitly

2

provide that if a complainant disagrees with the result, they may proceed to due process. The complaints did not result in a satisfactory resolution, and the plaintiffs therefore included the issue of the timeliness of the evaluations in the due process complaint that is in issue here, and during the hearing of which the plaintiffs represented themselves *pro se*.

The hearing officer erroneously excluded all evidence regarding the delay in these IEEs, claiming that the state complaint decisions were determinative, had decided the issue, and precluded her from hearing evidence relevant to the issue. (4/23/20 hearing transcript at pp. 70, 152) As a consequence Exhibits P24, P35, P36, P38, P41 (Braxton Dec. Exs. C, D, E, F, and G) and the decision in Case No. 19-0292 (Braxton Dec. Ex. B), which was rendered in reliance on the Board's representation that it would provide the IEEs, should be admitted to supplement the record in this case. The exhibits provide documentary evidence of the delay in providing the IEEs.

Further, the hearing officer erred by holding that the Board timely provided auditory processing accommodations and did not address the claim that auditory processing services had not been timely provided. (Complaint ¶¶14-18) This was based in part on excluding evidence relevant to this claim. By insisting on an inflexible exclusion of evidence beyond the two-year statute of limitations and/or after filing of the complaint, the hearing officer denied Plaintiffs the opportunity to present evidence regarding this issue. An amendment to the October 8, 2020 IEP establishes that auditory processing services were not included in SB's IEP until January 26, 2021; because this amendment post-dates the December 8, 2020 filing of the due process complaint, the hearing officer excluded Exhibit P144 (Braxton Dec. Ex. H), and this exhibit should supplement the administrative record.

**ARGUMENT**

The IDEA provides that, in an action challenging an administrative decision, a district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). What constitutes "additional evidence" has not been explicitly addressed by the Second Circuit, Genn v. New Haven Bd. of Educ., No. 3:12-CV-00704 CSH, 2015 WL 1064766 (D. Conn. Mar. 11, 2015), at *3, but has been ruled on in other circuits. See, e.g., Town of Burlington v. Dep't of Educ. of Mass., 736 F.2d at 790 (declining to explicitly define "additional evidence," but stating that court must "consider evidence [that is] relevant, non-cumulative and useful in determining whether Congress's goal has been reached for the child involved").

The decision whether to admit evidence is thus committed to the discretion of the Court. Genn v. New Haven Bd. of Educ., at *4. "The party seeking to supplement the record bears the burden of establishing that the additional evidence is probative of the issues before the court, and must also explain why the evidence was not presented at the administrative level." Id., citing Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist., 2007 WL 3076970 at *5 (WDNY Oct. 19, 2007). As the First Circuit explained, "The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Town of Burlington v. Dep't of Educ. for Com. of Mass., 736 F.2d 773, 790 (1st Cir. 1984), *cert. granted sub nom.* Sch. Comm. of Town of Burlington, Massachusetts v. Dep't of Educ. of

Massachusetts, 469 U.S. 1071 (1984), *aff'd sub nom*. Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359 (1985).

As is explained above, the evidence offered here *was* presented by the Plaintiffs for consideration by the hearing officer, but was erroneously excluded.  In contested cases under the Uniform Administrative Procedure Act, "hearings before administrative agencies are not governed by the strict rules of evidence . . ." Jutkowitz v. Dep't of Health Services, 220 Conn. 86, 98 (1991). In fact, "even hearsay evidence, replete with its inherent untrustworthiness, may be considered in an administrative hearing." Salmon v. Dep't of Pub. Health & Addiction Services, 259 Conn. 288, 318 (2002).  The hearing officer in this case unduly restricted the *pro se* plaintiffs from presenting probative evidence that should have been considered in rendering a decision.  They should therefore be permitted to supplement the record now.

## CONCLUSION

Wherefore, plaintiffs respectfully request that the decision in Case. No. 19-0292, and Exhbits P24, P35, P36, P38, P41, and P144, submitted but not admitted in the hearing below, be permitted to supplement the administrative record.

Respectfully submitted,
VB and RB

By:   */s/Meredith C. Braxton*
Meredith C. Braxton (ct17395)
Meredith C. Braxton Esq., LLC
57 Old Post Road 2, Suite 201
Greenwich, CT 06830
Tel: 203.661.4610
Fax: 203.661.4611
Email: mbraxton@braxton-law.com

5

## CERTIFICATION

This is to certify that on September 22, 2023, a copy of the foregoing Memorandum of Law in Support of Motion to Supplement the Administrative Record was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

                                                        */s/Meredith C. Braxton*