UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V.B. and R.B. individually and as next Friends of S.B. | : | NO.: 3:22-CV-00174-AWT |
| | : | |
| v. | : | |
| | : | |
| Monroe Board of Education | : | OCTOBER 17, 2023 |

## MONROE BOARD OF EDUCATION'S OBJECTION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

Pursuant to Fed.R.Civ.P. 56(c)(2) and (d), and 20 U.S.C. § 1415(i)(2)(C)(ii), the defendant, **Monroe Board of Education** ("defendant"), hereby objects to the plaintiffs' Motion to Supplement the Administrative Record, dated September 22, 2023 [Doc.39], whereby the plaintiffs move to supplement the record with a copy of the decision in Case No. 19-0292 with highlights and comments made by plaintiff's counsel, as well as Exhibits P24, P35, P36, P38, P41, and P144, which were submitted at the underlying administrative hearing, but were not admitted into evidence.

As more specifically set forth below, the evidence is irrelevant to this appeal and unfairly prejudicial to the defendant and, thus, should not be added to the record by this Court.

**I.     LAW AND ARGUMENT**

    **A.     STANDARD OF REVIEW.**

Pursuant to 20 U.S.C. § 1415(i)(2)(C), a district court hearing a civil action under the IDEA "(i) shall receive the records of the administrative proceedings," and (ii) shall hear additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C) and (ii).  This Circuit has not defined "additional evidence", but courts have relied on the First Circuit's interpretation in Town of Burlington v. Dep't of Educ. for Mass., 736 F.2d 773 (1st Cir. 1984), aff'd on other grounds sub nom, 471 U.S. 359 (1985).  See e.g., Lillbask v. Sergi, 193 F.Supp.2d 503, 507 (D.Conn. 2002).  Burlington construes the word "additional" to mean "supplemental."  Id. at 790-91.  In Town of Burlington the court held that "[the] determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to trial de novo.  Id.  In deciding what evidence to permit,

> [A] court should weigh heavily the important concerns of not allowing a party to undercut the statutory rule of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and conservation of judicial resources.

Id.  "The reasons for supplementation will vary; they might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an

improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." Id. at 790.

Plaintiffs, here, appear to invoke the third reason.

**B.     THE PLAINTIFF'S EVIDENCE SHOULD NOT BE PERMITTED AS THE PROPOSED EVIDENCE IS NOT NECESSARY, IS NOT COMPETENT, AND ITS ADMISSION IS PREJUDICIAL TO THE DEFENDANT.**

The present case does not involve circumstances that warrant consideration of additional evidence beyond the administrative record. None of the factors mentioned above, which justify admission of additional evidence beyond the administrative record, have been asserted by the plaintiffs. Generally, the evidence contains unsupported conclusory statements, improper opinion evidence, and argument of counsel. The evidence is also irrelevant to the issues before the hearing officer. As such, it does not meet the evidentiary standards under the Federal Rules. The defendant specifically objects to each exhibit as follows:

**Plaintiff's Exhibit A—Final Decision and Order Case No. 21-0208 with Highlighting and Commentary by Plaintiff [Doc. 39-3]**

Plaintiff's proposed supplement to the record, exhibit A, the hearing officer's decision at issue on this appeal contains green highlighting and corresponding commentary/argument by plaintiff's counsel, setting forth plaintiffs' and/or counsel's dispute concerning the hearing officer's findings of fact as well as the hearing officer's final decision and order. This exhibit will not in any way assist the Court in determining

whether the hearing officer's decision is supported by the record and the exhibit is unnecessary and duplicative of the unmarked decision which is already a part of the record. Accordingly, the plaintiff's motion to supplement the record with this exhibit should be denied.

### Plaintiff's Exhibit B—P24 [Doc. 39-5]

Plaintiff's exhibit B appears to be a letter complaint from the plaintiff parents, dated May 13, 2019, to the Connecticut State Department of Education and attachments. This exhibit was found inadmissible by the hearing officer on the basis that it was not relevant to the issue before the officer—whether plaintiffs' son was getting a FAPA; is improper opinion evidence not from an expert, and it concerned issues previously litigated and determined by a hearing officer with respect to a due process complaint as well as two consecutive complaints to the State Board of Education (the plaintiff brought a previous complaint that was decided) (Hearing Trans., dated April 23, 2020, at pp. 65-78.) The plaintiffs sought to introduce the exhibit to support their interpretation of prior decision issued in a due process matter and in matters before the State Board of Education. (Id.) Plaintiffs' indication that the hearing officer "excluded evidence regarding the delay in these IEEs" is a misrepresentation of the record. The hearing officer stated that the plaintiff mother could provide testimony but could not provide documentation setting forth her opinion of hearing and/or state board of education rulings/decisions. (Id.).

The hearing officer's ruling was appropriate, plaintiff's Exhibit B (P24) will not assist this Court and, thus, plaintiff's motion to supplement the record to include this exhibit should be denied.

### Plaintiff's Exhibit C—P35-Email Correspondence dated January 9, 2020

Plaintiff's Exhibit C is a lengthy email from the plaintiff mother to Nancy Schwartz, an individual assigned to conduct a Speech and Language IEE for S.B. The email consists of hearsay, double hearsay, and improper opinion evidence (the plaintiff mother's opinion as to how the evaluation should be conducted, S.B.'s background, and diagnosis). Plaintiff claims this exhibit "provides documentary evidence of the delay in providing IEES." Review of the email discredits same and supports that the exhibit is irrelevant in addition to the other grounds for it its inadmissibility. Accordingly, the plaintiff's motion to supplement the record to include this exhibit should be denied by this Court.

### Plaintiff's Exhibits D and E—P36 and P38 Email Correspondence Dated January 22, 2020

Plaintiff's Exhibits D and E are emails between the plaintiff mother and the defendant's Interim Director of Student Support Services, dated January 22, 2020, wherein the plaintiff mother seeks "confirmation that Monroe agrees to fund the specific evaluators" she has selected and the Director responds that "she will work on contracts for all of the evaluations that were agreed upon during the last PPT meeting

5

and have them out by the end of the week.  Plaintiff claims that these exhibits also provide documentary evidence of the delay in providing IEES.  These exhibits are inadmissible for the same reasons as Exhibit C.  Accordingly, this Court should deny the plaintiff's motion to supplement the record with said exhibits.

### Plaintiff's Exhibit F—P41-Email Correspondence Dated April 26-2019-July 6, 2019

Plaintiff's Exhibit F consists of emails from the plaintiff mother to a representative/employee of the defendant wherein the plaintiff mother purports set forth previous discussions with the employee and seeks confirmation and/or paperwork for an evaluator to perform S.B.'s CAPD evaluation.  This exhibit is inadmissible on all the same grounds as Exhibit C above.

### Plaintiff's Exhibit G—P144-Monroe Public Schools Agreement to Change an Individualized Program Without Convening a Planning and Placement Team Meeting

Plaintiff's Exhibit G is a Monroe Public Schools Agreement to Change an Individualized Education Program without Convening a Planning and Placement Team Meeting.  Plaintiff argues that this is an "amendment to the October 8, 2020, IEP [which] establishes that auditory processing services were not included in S.B.'s IEP until January 26, 2021."  Pl.'s Mem at 3.  Plaintiff argues that because the amendment post-dates the December 8, 2020, filing of the due process complaint, the hearing officer excluded this exhibit (P144), and the exhibit should supplement the

administrative record.  Id.  Notably, the plaintiffs do not cite to the transcript to support the claimed basis for the hearing officer's exclusion of the exhibit.  Further, although the exhibit is on the plaintiffs' exhibit list, it does not appear from the transcript that there was an attempt to enter exhibit 141.  Nevertheless, Exhibit G is not relevant to any issue considered by the hearing officer.  Specifically, the exhibit does not make any issue considered by the hearing officer more or less probable and, thus, this Court should deny the plaintiff's motion to supplement the record with this exhibit.

In sum, the foregoing evidence was properly excluded by the hearing officer and deference should be given to her decision by the Court to avoid "reduc[ing] the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo." Roland M. v. Concord Sch. Comm., 910 F.2d 983, 997 (1st Cir. 2000).

**CONCLUSION**

For all the foregoing reasons, the defendant respectfully submits that the plaintiff's motion should be denied in its entirety and the instant objection sustained by the Court.

DEFENDANT,
MONROE BOARD OF EDUCATION


By  /s/ Kristan M. Maccini
    Kristan M. Maccini
    ct25121
    Maccini Voccio & Jordan, LLC
    101 Centerpoint Drive
    Suite 232
    Middletown, CT  06457
    (860) 740-2535
    kmaccini@mvjlawfirm.com

**CERTIFICATION**

      This is to certify that on **October 17, 2023,** a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Meredith C. Braxton, Esq.
57 Old Post Road No. 2
Suite 201
Greenwich, CT 06830
mbraxton@braxton-law.com

     /s/ Kristan M. Maccini
    Kristan M. Maccini