UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V.B. and R.B., individually and as next Friends of S.B., | : | CIV. NO. 3:22-CV-00174 (VDO) |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MONROE BOARD OF EDUCATION, | : | |
|     Defendant. | : | November 12, 2023 |
| | : | |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD**

Pursuant to Rule 20 U.S.C. § 1415(i)(2)(B), the plaintiffs V.B. and R.B. ("plaintiffs"), respectfully submit this reply in response to Defendant's objection dated October 17, 2023, and in further support of their motion to supplement the record in this appeal of an administrative decision rendered pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§1401, *et seq*. ("IDEA").

Defendant's objection must be overruled. Defendant confuses the issues that were decided in the IDEA administrative hearing below, which is being appealed, and confuses the exhibits with which Plaintiffs seek to supplement the record. Further, Defendant offers conclusory arguments only to urge exclusion of the supplemental evidence, with no explanation of why admitting it would be "prejudicial" in any way.

**ARGUMENT**

Defendant's contention that Plaintiffs have not asserted any of the grounds articulated in Town of Burlington v. Dep't of Educ. for Com. of Mass., 736 F.2d 773, 790 (1st Cir. 1984)[1], *cert. granted sub nom.* Sch. Comm. of Town of Burlington, Massachusetts v. Dep't of Educ. of Massachusetts, 469 U.S. 1071 (1984), *aff'd sub nom*. Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass., 471 U.S. 359 (1985), is clearly wrong.  Plaintiffs are explicitly seeking to supplement the record due to "in an improper exclusion of evidence by the administrative agency." Id.  The Defendant's additional objection that the supplementary evidence "does not meet the evidentiary standards under the Federal Rules" is irrelevant.  As Plaintiffs pointed out in their moving brief, in contested cases under the Uniform Administrative Procedure Act, which governs IDEA hearings in Connecticut, "hearings before administrative agencies are not governed by the strict rules of evidence . . ." Jutkowitz v. Dep't of Health Services, 220 Conn. 86, 98 (1991). In fact, "even hearsay evidence, replete with its inherent untrustworthiness, may be considered in an administrative hearing." Salmon v. Dep't of Pub. Health & Addiction Services, 259 Conn. 288, 318 (2002).

As previously noted in Plaintiffs' moving papers, there are two issues relevant to whether the student SB in this case received a free appropriate public education ("FAPE) to which the supplemental evidence relates: 1) whether independent educational evaluations ("IEEs") agreed to by the Defendant were provided in a timely manner (Decision, Case No. 21-0208 at p. 1 #4) (pp. 1-3 of Plaintiffs' moving brief), and 2) whether auditory processing services

---

[1] See page 3 of Defendant's Objection to Plaintiff's Motion to Supplement the Administrative Record, dated October 17, 2023 (hereafter, "Objection").

were timely provided to the student (Complaint ¶¶14-18) (p. 3 Plaintiffs' moving brief). The supplemental evidence in issue is clearly relevant to these issues and was improperly excluded in the administrative hearing below.

      A.      **Exhibits/Supplementary Evidence That Are Not In Controversy**

Plaintiff is withdrawing its request to admit **Exhibit A** as the decision below is part of the record.

Defendant has not objected to and offered no argument addressing **Exhibit B** (Doc. #42-2), the Connecticut Department of Education's decision in Case No. 19-0292. This is a decision dismissing the Plaintiffs' due process case against Defendant in which the hearing officer relied on Defendant's representation that it granted the IEEs in issue. Defendant erroneously describes Exhibit B as a May 19, 2019 letter which is actually Exhibit C. Exhibit B submitted in Plaintiffs' motion is not addressed anywhere in the Objection, and therefore any objection has been waived.

      B.      **Response Regarding Specific Exhibits**

           1.    **Plaintiff's Exhibit C**

Defendant's argument concerning Plaintiff's Exhibit C (offered as Exhibit P24 in the administrative hearing below) (Doc. #42-3) appears on page 4 and is erroneously labeled in Defendant's Objection as Plaintiff's Exhibit B. It is not "opinion" in any way as asserted by Defendant. Instead, it is documentary evidence of the timeline for the IEEs which Plaintiffs assert were so delayed as to deny the student a free appropriate public education, which is one of the issues to be decided in this appeal. The hearing officer denied admission of any documents offered by parents relating to the issue of delayed evaluations, taking the position

that the issue had been adjudicated in a state complaint, while curiously allowing the Board to admit the State Complaint decisions (B12).  As the last page of the State Complaint decision specifies: "This complaint report is final and not subject to appeal pursuant to the complaint resolution process. A party who has a right to request a due process hearing (that is, the parent or a local education agency) and who disagrees with this decision may initiate a due process hearing, provided that the subject of the due process hearing request involves an issue about which a due process hearing can be filed and the two-year statute of limitations for due process hearings has not expired." Exhibit B12.  Thus, the hearing officer was incorrect; the State Complaint decision was not final as to the Parents' rights to the IEEs in issue, and evidence regarding the delay in providing IEEs should have been admitted and considered in the hearing below.

2. **Plaintiff's Exhibit D, E, F, and G[2]**

These emails (Exhibits P035, P037, P038, and P041 below) (Docs. # 42-3, 42-4, 42-5, and .42-6) were erroneously excluded and also demonstrate the delay in providing IEEs for the student.  These exhibits comprise emails dated between April 2019 and January 2020 concerning continued efforts by the parent to move the IEEs forward and also confirm that the IEEs had not yet been conducted.  They are relevant to the Plaintiffs' claims on appeal and should be admitted.

---

[2] Defendant erroneously labels Plaintiff's Exhibit D as Exhibit C; E as D; F as E; and G as F.

3. **Plaintiffs' Exhibit H**[3]

This exhibit (Exhibit P144 below) (Doc. #42-7) is an Agreement to Change an Individualized Education Program Without Convening a Planning and Placement Team Meeting, dated January 25, 2021 and was excluded because it post-dates the date of filing the due process complaint. The change proposed to the individualized education program is to *add* interventions for central auditory processing disorder. One of the central claims in the case below and on appeal is that auditory processing services were not timely provided after the need for them was established. Clearly this exhibit is relevant to the question of when auditory processing services commenced for this student and therefore whether or not they were timely provided. The exhibit should therefore be admitted as a supplement to the record.

## CONCLUSION

Wherefore, plaintiffs respectfully request that the decision in Case. No. 19-0292, and Exhbits P24, P35, P36, P38, P41, and P144, submitted but not admitted in the hearing below, be permitted to supplement the administrative record.

                                      Respectfully submitted,
                                      VB and RB

By:   */s/Meredith C. Braxton*
       Meredith C. Braxton (ct17395)
       Meredith C. Braxton Esq., LLC
       57 Old Post Road 2, Suite 201
       Greenwich, CT 06830
       Tel: 203.661.4610
       Fax: 203.661.4611
       Email: mbraxton@braxton-law.com

---

[3] Defendant erroneously labels Plaintiff's Exhibit H as Exhibit G.

**CERTIFICATION**

This is to certify that on November 12, 2023, a copy of the foregoing Motion to Supplement the Administrative Record was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Courts CM/ECF System.

                                                                      /s/*Meredith C. Braxton*