UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V.B., AS CONSERVATOR OF S.B., | : | |
| *Plaintiff*, | : | |
| v. | : | No. 3:22-cv-174-VDO |
| MONROE BOARD OF EDUCATION, | : | |
| *Defendant*. | : | |

**RECOMMENDED RULING**

Plaintiff has moved for an award of attorney's fees under 20 U.S.C. § 1415(i)(3) after prevailing in this administrative appeal under the Individuals with Disabilities Education Act ("IDEA"). ECF 110. The motion was referred to the undersigned for a recommended ruling. The parties agree that the Court has jurisdiction to decide the fee motion while the appeal is pending. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004); *Veltri v. Bldg. Serv. 32B-J Pension Fund*, No. 02-cv-4200 (HB), 2004 WL 856329, at *1 (S.D.N.Y. Apr. 20, 2004) ("a district court retains jurisdiction to decide the issue of attorneys' fees and other collateral matters notwithstanding a pending appeal"). For the following reasons, I recommend that the Court deny the motion without prejudice to renewal after the appeal is resolved.

**A. Discussion**

**1. Timeliness**

In its opposition, Defendant argues that Plaintiff's fee motion is untimely because it was filed more than 14 days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(i). However, Rule 54 provides an express exception to the 14-day deadline where "a statute or a court order provides otherwise," *id.*, and courts have held that a local rule constitutes a "court order" for purposes of this exception. *Tancredi*, 378 F.3d at 227. In this District, the controlling

deadline is provided by Local Rule 11, which permits fee motions to be filed within 30 days after the entry of judgment. Because Plaintiff's fee motion was filed 28 days after the entry of judgment, it was timely filed.

**2. Deferring decision pending appeal**

Defendant also argues that this Court should defer decision on the fee motion while this case is on appeal to the Second Circuit. ECF 118 at 2–4. As discussed in the 1993 Advisory Committee Notes to Rule 54, "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." *See*, *e.g.*, *Tancredi*, 378 F.3d at 226 (noting with approval that district court followed that advisory note). In the interest of efficiency, this Court has exercised its discretion to defer decision on fee motions in prior IDEA cases to "ensure[ ] that the Court only has to address the motion for attorneys' fees by the party that ultimately prevails." *Doe ex rel. Doe v. E. Lyme Bd. of Educ.*, No. 3:11-cv-291 (JBA), 2014 WL 4370504, at *2–3 (D. Conn. Sept. 2, 2014) (Margolis, M.J.) (denying fee motion without prejudice pending appeal); *see also A.R. v. Connecticut State Bd. of Educ.*, No. 3:16-cv-1197 (CSH), 2021 WL 12324432, at *1 (D. Conn. Dec. 2, 2021) (fee motion was stayed pending appeal).

In opposition, Plaintiff contends that the appeal is likely to be dismissed because questions regarding final relief still need to be determined by the agency on remand. ECF 119 at 2 (citing *Avaras on behalf of A.A. v. Clarkstown Cent. Sch. Dist.*, 752 F. App'x 60, 63 (2d Cir. 2018)). However, it is not for this Court to determine whether the appeal has merit. *See Tancredi*, 378 F.3d at 225 ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its

control over those aspects of the case involved in the appeal."). Moreover, even assuming that Plaintiff's prediction is correct, she identifies no potential harm in waiting to see how the Second Circuit resolves the issue. Notably, a delay pending appeal is unlikely to impact Defendant's ability to pay a putative fee award because it is a municipality, as compared to a private party at risk of insolvency. *Cf. Adstra, LLC v. Kinesso, LLC*, No. 24-cv-2639 (LJL), 2025 WL 1070034, at *3 (S.D.N.Y. Apr. 9, 2025) (declining to defer fee motion given risk that, over time, non-prevailing party might become unable to pay). It also seems unlikely that a deferred decision will result in a second, piecemeal appeal regarding a fees given the straightforward nature of these proceedings. *Cf Adstra* at *2–3 (declining to defer decision on hotly contested fee motion in order to avoid piecemeal appeals). Meanwhile, waiting on the Second Circuit's decision will increase efficiency and economy in this Court by confirming prevailing party status before the Court adjudicates the fee issues.

**B. Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion for Attorney's Fees, ECF 110, be denied without prejudice to renewal within 14 days of the Second Circuit's decision on Defendant's pending appeal.

This is a recommended ruling. *See* Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court on or before November 11, 2026.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) (objections to recommended ruling due fourteen days after being served). Failure to object by that date will preclude appellate review. *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir. 1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**, on this 28th day of October, 2026, at Bridgeport, Connecticut.

/s/ S. Dave Vatti
Hon. S. Dave Vatti
United States Magistrate Judge